

# Service of Process Transmittal

07/14/2020
CT Log Number 537935249

| | |
|---|---|
| **TO:** | EMMELINE TOWNE<br>Stryker Corporation<br>2825 AIRVIEW BLVD<br>PORTAGE, MI 49002-1802 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | STRYKER CORPORATION  (Domestic State: MI) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MATTHEW GONZALES, Pltf. vs. STRYKER CORPORATION, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # NONE |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/14/2020 at 09:07 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | Due to the illegible condition of the enclosed documents, CTs transmittal may be incomplete. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/14/2020, Expected Purge Date: 07/19/2020<br><br>Image SOP<br><br>Email Notification,  EMMELINE TOWNE  emmeline.towne@stryker.com<br><br>Email Notification,  LEGAL OPERATIONS DEPT. .  legaloperations@stryker.com<br><br>Email Notification,  MARY LOU DEYOUNG  marylou.deyoung@stryker.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

SUFFOLK, SS.  
TRIAL COURT OF THE COMMONWEALTH  
SUPERIOR COURT DEPARTMENT  
CIVIL DOCKET NO. _____

Matthew Gonzel, PLAINTIFF(S),

v.

Stryker Corporation, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Stryker Corporation_. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk Superior_ Court, 3 Pemberton Square, 12th Fl, _Boston, MA 02108_ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Law Office Thomas C Bixby, P.O. Box 6856, Rutland, VT 05702_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest: Joseph P Casey  
Deputy Sheriff Suffolk County  
7-14-20

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___July 10___, 20_20_.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___     Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court | eFile |
|---|---|---|---|

| PLAINTIFF(S): Matthew Gonzales | COUNTY |
|---|---|
| ADDRESS: | Suffolk |
| | DEFENDANT(S): Stryker Corporation |
| ATTORNEY: Thomas C. Bixby | |
| ADDRESS: P.O. Box 6856 | ADDRESS: |
| Rutland VT 05702 | |
| BBO: 638637 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Product liability | A | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO
Is this a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................. $150,000+
2. Total doctor expenses ............................................................................................... $
3. Total chiropractic expenses ...................................................................................... $ 0
4. Total physical therapy expenses ............................................................................... $
5. Total other expenses (describe below) .................................................................... $
   Subtotal (A): $

B. Documented lost wages and compensation to date ................................................ $ 0
C. Documented property damages to date .................................................................. $ 0
D. Reasonably anticipated future medical and hospital expenses ............................... $ TBD
E. Reasonably anticipated lost wages ........................................................................... $ 0
F. Other documented items of damages (describe below) ........................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Spinal cord implant dislodged
injured throat + multiple infections

TOTAL (A-F): $ 150,000+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)
☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X  /s/ C. B.     Date: 6/10/20

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court...

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  /s/ C. B.     Date: 6/10/20

## COMMONWEALTH OF MASSACHUSETTS
## SUFFOLK COUNTY, SS.

| | |
|---|---|
| **MATTHEW GONZALES**<br>Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| **STRYKER CORPORATION**<br>Defendant | )<br>) |

### NOTICE OF APPEARANCE

**NOW COMES** Thomas C. Bixby, Esq. of the Law Office of Thomas C. Bixby, LLC and hereby enters his notice of Appearance on behalf of the Plaintiff, Matthew Gonzales.

DATED at Town of Rutland, in the County of Rutland and State of Vermont, this 10th day of June, 2020.

By: Plaintiff,
Matthew Gonzales

By: _____
Thomas C. Bixby, Esq., BBO#638637
Law Office of Thomas C. Bixby, LLC.
Attorneys for the Plaintiffs
1213 US 7 N
P.O. Box 6856
Rutland, VT 05702
802-775-3229

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY, SS.

| | |
|---|---|
| **MATTHEW GONZALES** <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| **STRYKER CORPORATION** <br> Defendant | ) <br> ) <br> ) |

## COMPLAINT

NOW COMES Plaintiff, Matthew Gonzales, by and through his attorney, Law Office of Thomaw C. Bixby, LLC., and hereby COMPLAIN and ALLEGE of the Defendant as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Matthew Gonzales is a resident of the City of Boston, County of Suffolk and Commonwealth of Massachusetts.

2. Defendant, Stryker Corporation, hereinafter "Stryker", is a Michigan Corporation doing business in all 50 states and maintaining and keeping offices in the Commonwealth of Massachusetts

7. The subject matter of the complaint involves the failure or a medical device.

8. The Court has jurisdiction over the parties and the subject matter of this Complaint.

9. On or about September 22, 2011 Plaintiff was implanted with a Stryker spinal implant identified as number 48651232 – 32 mm plate, 12 mmscrews, or a similar type device manufactured by Stryker.

10. In July 2017, Mr. Gonzales began to experience a sore throat and he sought medical treatment.

11. As a result of a medical examination it was revealed that the spinal implant had dislocated causing damage to Mr. Gonzales' esophagus resulting in an infection around

his heart and an abscess in his neck and a pneumonia.

12. As a result of an attempt to repair, the dislodged spinal implant during the procedure Mr. Gonzales' vocal cord became paralyzed along with the left side of his neck.

13. Mr. Gonzales has had to undergo multiple surgeries to fight infections from the dislodged spinal implant.

14. Mr. Gonzales series of medical conditions are directly and proximately related to the dislodging of the spinal implant.

15. As a direct and proximate result of the Defendant's acts of negligence, Plaintiff, suffered severe physical injuries which are set forth more specifically below.

## COUNT I: BREACH OF IMPLIED FITNESS AND FAILURE TO WARN– STRICT LIABILITY

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15, above, as if fully set forth herein.

17. This is an action for breach of an implied warranty of fitness for particular purpose pursuant to Chapter 106, Section 2-315 of the laws of the Commonwealth of Massachusetts.

18. Defendant placed the spinal implant, i.e., the product in the stream of commerce with the intent that the same would be utilized and placed in the human body and implied that same was safe for such purposes, including the use of said product as a spinal implant.

19. That in fact the spinal implant, i.e., the product, upon information and belief, was inherently unsuitable and not well suited for internal human uses as same was known, or should have been known to cause bodily injury.

20. That the spinal implant, i.e., the product was implied by the conduct of the Defendant to be safe and suited for the proposed use as an internally placed spinal implant.

21. Defendant breached the implied warranty vis a vis the product and its suitable safety.

22. Defendant's Spinal Implant and Hardware implanted into Mr. Gonzales were defective due to inadequate post-marketing warnings, or instructions, as Defendant failed to provide Plaintiff and his physicians warning of the risk of injury of dislodgment of the device, Defendant failed to provide adequate warnings to the medical community and patients, including Plaintiff.

23. The Defective warnings and labeling of the Spinal Implant and its hardware were substantial factors in causing the injuries to the Plaintiff.

24. As a direct and proximate cause of the defective condition of the Spinal Implant and its hardware, manufactured and/or supplied by Defendant and for the failure to warn and their negligence, carelessness, and other wrongdoing and actions described herein, Plaintiff suffered injuries and damages as set more fully below.

## COUNT II. NEGLIENCE

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24, above, as if fully set forth herein.

26. At all times relevant to this action, Defendants had a duty to exercise reasonable care, and to comply with the existing standards of care, in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Spinal Implant and its hardware, which Defendants introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous or untoward adverse side effects.

27. At all times relevant to this action, Defendant had a duty to warn all health care providers and consumers of the risks, dangers, and adverse side effects of the Spinal Implant and its hardware inserted into Mr. Gonzales.

28. At all times relevant to this action, Defendant knew or reasonably should have known that the Spinal Implant and hardware implanted in Mr. Gonzales was unreasonably dangerous and defective when used as directed and as designed, including but not limited to the following particulars;

    a. That the spinal implant could become dislodged causing harm to an individual such as Mr. Gonzales;

29. Based on what they knew or reasonably should have known as described above, the Defendants deviated from principles of due care, deviated from the standard of care, and were otherwise negligent in one or more of the following particulars:

    a. In failing to conduct those tests and studies necessary to determine that the use of a Spinal Implant may dislodge damaging one's esophagus resulting in infections, abscesses and other serious infection and disease; and/or

    b. In failing to instruct or warn the medical community that the Spinal Implant may dislodge cause damage to the esophagus resulting in infections, abscesses and other serious infection and disease; and/or

    c. failed to warn Mr. Gonzales that he may be at risk for serious harm such as dislodgement damages esophagus and other infections and/or injuries; and/or

    d. was otherwise negligent.

30. The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

31. The injuries and damages suffered by Plaintiffs were the reasonably foreseeable results of Defendants' negligence.

32. Plaintiff Matthew Gonzales' injuries fall under the principal of *res ipsa loquitor* in that:

   a. a spinal implant dislodgement does not normally occur unless the product is defective; and/or

   b. there are no actions by the Plaintiff which caused these injuries; and/or

   c. the negligence falls within the scope of Defendant's duties toward Plaintiff.

31. But for Defendant's breaches of duties Mr. Gonzales would not have developed and suffered the injuries and damages described with particularity, above.

## AD DAMNUM

As the further proximate result of Defendants' negligence and breaches of duty, Plaintiff, Matthew Gonzales has had to seek medical, attention, past, present and future. Plaintiff Matthew Gonzales' ability to engage in his daily life, and engage in other activities, is and will be impaired or eliminated. Plaintiff Matthew Gonzales has suffered and will continue to suffer the loss of enjoyment of life, past, present and future. Plaintiff has incurred and will continue to incur great expense in the payment of medical and hospital bills. Plaintiff has suffered and will continue to suffer emotional and physical damages, past, present and future. Plaintiffs have further suffered and will continue to suffer mental and physical pain and suffering, and the diminution of their enjoyment of life, past present and future, all to their further damage in an amount appropriate to compensate him for his damages.

WHEREFORE, Plaintiffs pray for **compensatory damages, hedonic damages, statutory damages,** and **punitive damages** to adequately compensate them for his damages, with attorney's costs, costs of suit, and all such other relief as this Honorable Court deems just and appropriate.

### PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS

DATED at Town of Rutland, in the County of Rutland and State of Vermont, this 10th day of June, 2020.

By: Plaintiff,
Matthew Gonzales

By: _____
Thomas C. Bixby, Esq., BBO#638637
Law Office of Thomas C. Bixby, LLC.
Attorneys for the Plaintiffs
1213 US 7 N
P.O. Box 6856
Rutland, VT 05702
802-775-3229